# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RUFUS HUMPHREY,

        Petitioner,                              Case No. 3:04-cv-301

                              District Judge Walter Herbert Rice
   -vs-                            Chief Magistrate Judge Michael R. Merz

WARDEN, LONDON CORRECTIONAL
 INSTITUTION,

        Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

      This habeas corpus case is before the Court on Petitioner's Notice of Adjudicative Authority and Motion for Immediate Action on Pending Habeas Corpus (Doc. No. 10).

      The second branch of this Motion, requesting an immediate decision, is addressed to District Judge Rice, before whom the case is pending on Petitioner's Objections to the Magistrate Judge's original Report and Recommendations.  The Magistrate Judge files this Supplemental Report and Recommendations to analyze the new authority submitted by Petitioner.  The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

      Petitioner asks the Court to apply *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F. 3d 426 (6th Cir. 2006) to his case.  In that case, the Court of Appeals recognized that the Ohio Supreme Court's 45-day time limit on filing an appeal is an adequate and independent state ground of decision,

relying on *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004), the same case relied on for that conclusion in the original Report and Recommendations. The Sixth Circuit went on to recognize that it is part of the duty of counsel on an appeal of right to the intermediate court of appeals to advise his or her client of an adverse decision in that court and its constitutes ineffective assistance of counsel to fail to do so. *Smith*, 463 F. 3d at 435, *citing Roe v. Flores-Ortega,* 528 U.S. 470, 479 (2000). However, the Smith Court also recognized that, in order to rely on ineffective assistance of appellate counsel to excuse a procedural default, a defendant must litigate the ineffective assistance of appellate counsel claim as required by state law first. 463 F. 3d at 436, *citing Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). In Ohio the only method for litigating a claim of ineffective assistance of appellate counsel is by filing an application for reopening under Ohio R. App. P. 26(B). While Mr. Humphrey did file such an application, he did not include in it any claim that his appellate attorney was ineffective for failing to advise him that his appeal had been decided against him or that he had additional appellate rights to the Ohio Supreme Court which had to be exercised within forty-five days. Because Ohio allows only one application under Rule 26(B) for any conviction, Mr. Humphrey has procedurally defaulted in presenting this claim of ineffective assistance of appellate counsel to the Ohio courts and cannot present it here.

Alternatively, if the District Court is unpersuaded by this procedural analysis, the original Report and Recommendations also deals with the merits of the case. The merits analysis is not affected by the *Smith* case.

It is therefore again respectfully recommended that the Petition herein be dismissed with prejudice.

February 15, 2007.

s/ <b>Michael R. Merz</b><br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).